UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DARRYL DUNSMORE,**<br><br>Petitioner,<br><br>v.<br><br>**PARAMO, Warden,**<br><br>Respondent. | CASE NO. 13-CV-1193-GPC-(PCL)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[Doc. No. 11]** |

Now before the Court is Petitioner's Motion for Appointment of Counsel [Doc. No. 11.] Petitioner requests the appointment of counsel to assist him in prosecuting this civil action. Generally, a person has no right to counsel in civil actions. See Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). Agyeman v. Corrs. Corp. Of Am., 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom.* Gerber v. Agyeman, 545 U.S. 1128 (2005). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity view together. Wilborn v. Escalderson, 789 F.2d 1328, 1331 (9th Cir. 1986). Neither of these factors are dispositive and both must be viewed together before reaching a decision." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986).

In this case, Petitioner alleges that he requires the assistance of counsel because the issues are particularly complex and involve issues of misconduct, due process violations, and perjury." [Doc. No. 11 at 21-23.] Furthermore, Petitioner states that he suffers from both a mental and physical disability. (Id.) Specifically, Petitioner states his mental disability impacts "mental coherency and mental capacity," and his physical condition renders him unable "to sit for extended period[s] to research and write (sic) papers." [Doc. No. 11 at 6.] To support his claims, Petitioner offers medical documentation that he was determined to lack the capacity "to make a decision regarding antipsychotic medication," and that he suffers from ankylosing spondylitis, a form of arthritis. [Doc. No. 11 at 24-32.] Despite this documentation, Petitioner fails to demonstrate how his inability to make decisions regarding antipsychotic medication and his arthritis create "exceptional circumstances" warranting appointment of counsel. Also, Petitioner has not provided any information to support a finding of a likelihood of success on the merits. The Court continues to find that Petitioner's difficulty in presenting his claims *pro se* are not based on the complexity of the legal issues involved but rather on the general difficulty of litigating *pro se*. Petitioner demonstrates a sufficient understanding of the legal process to be an able litigant which is evidenced by his detailed complaint and objection to this Court's previous Report and Recommendation. [Doc. Nos. 1, 11.] Also, the claims he states and the issues he raises are not of substantial complexity. Under these circumstances, the Court **DENIES** Petitioner's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell, 935 F.2d at 1017.

Petitioner's Motion for Appointment of Counsel is **DENIED**.

**IT IS SO ORDERED**.

DATE: August 1, 2013

Peter C. Lewis
United States Magistrate Judge

cc: The Honorable Gonzalo P. Curiel
All Counsel of Record