1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DARRYL DUNSMORE,** | CASE NO. 13-CV-1193-GPC-(PCL) |
| Petitioner, | **ORDER DENYING PETITIONER'S RULE 60(b) MOTION** |
| **v.** | |
| **PARAMO, Warden,** | **[Doc. No. 21]** |
| Respondent. | |

Now before the Court is Petitioner's Rule 60(b) Motion. [Doc. No. 21.] For the following reasons, Petitioner's motion shall be **DENIED**.

Background

In his motion, Petitioner "attacks a defect in the integrity of the federal habeas proceedings and procedural ruling of this Court on August 27, 2013."(Id. at 3-4.) Petitioner contends that the United States District Court for the Southern District of California is corrupt, bias, and prejudicial towards Petitioner, and as a result, made

1   procedural rulings contrary to law. (Id.) Specifically, Petitioner argues that the Court

2   incorrectly rejected documents he attempted to file with the Court.[1]

3       In support of his motion, Petitioner cites, Butz v. Mendoza-Powers, 474 F.3d 1193,

4   1194 (9th Cir. 2007), arguing that a Rule 60(b) motion is appropriate when attacking a

5   defect in the integrity of the Court or procedural ruling. Although Rule 60(b) is discussed

6   in Butz, Petitioner incorrectly cites its holding.[2]

7                          Legal Standard

8      Generally, motions for reconsideration are decided within the discretion of the

9   district court. However, according to Federal Rule of Civil Procedure 60(b), a party may

10   be relieved from a "*final judgment*, *order*, or *proceeding* for the following reasons: (1)

11   mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that,

12   with reasonable diligence, could not have been discovered in time to move for a new trial

13   under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic),

14   misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the

15   judgment has been satisfied, released, or discharged; it is based on an earlier judgment

16   that has been reversed or vacated; or applying it prospectively is no longer equitable; or

17   (6) any other reason that justifies relief."

18                          Discussion

19       Since Petitioner does not specify which reason under Rule 60(b) he is relying on to

20   challenge the Court's order rejecting his documents filed on August 28, 2013, the Court

21   will consider his motion as a Rule 60(b)(6). According to Rule 60(b)(6) parties may be

22

23      [1]Petitioner is referring to the notice of document discrepancies rejecting document: Objection

24 and Motion for Rehearing En Banc in Support of Motion for Counsel... from Darryl Dunsmore. Non-compliance with local rule(s), Civ. L. Rule 5.1: Missing time and date on motion and/or supporting

25 documentation, Civ. L. Rule 7.1: Lacking memorandum of points and authorities in support as a separate document, OTHER: multi-part document. IT IS HEREBY ORDERED: The document is NOT

26 to be filed, but instead REJECTED and it is ORDERED that the Clerk serve a copy of this order on all parties. Counsel is advised that any further failure to comply with the Local Rules may lead to penalties

27 pursuant to Local Rule 83.1.(All non-registered users served via U.S. Mail Service)(skh) (Entered: 08/28/2013)

28      [2]In Butz, the district court dismissed Butz's petition for failure to pay that court's $5.00 filing fee. Several years later, the Petitioner filed a Rule 60(b) motion challenging the order to dismiss. This case does not discuss a "court's integrity" or " procedural rulings" as it relates to a Rule 60(b) motion.

13-CV-1193-GPC-(PCL)

1  relieved from *final judgments*, *orders*, or *proceedings* for "any other reason that justifies

2  relief."

3      Here, Petitioner is challenging the rejection of documents that the Court found,

4  according to local rules, to be filed incorrectly. The Court reasoned that the documents

5  Petitioner attempted to file did not comply with Local Rules, Civ. L. Rule 5.1, Civ. L.

6  Rule 7.1, and were a multi-part motion filed as a single document.[Doc. No. 15.][3] As a

7  result, the Court was within its discretion to accept or reject the document pursuant to the

8  local rules. The Court will also note that in an effort to expedite Petitioner's case it has

9  accepted several documents in the past from Petitioner that contained filing

10  discrepancies. [Doc. No. 5, 10.]

11      Accordingly, Petitioner's Rule 60(b) motion is **<u>DENIED</u>**.

12      **IT IS SO ORDERED**.

13

14

15  DATE: <u>October 3, 2013</u>

16                                                              Peter C. Lewis
                                                                United States Magistrate Judge

17

18

19  cc:  The Honorable Gonzalo P. Curiel

20       All Counsel of Record

21

22

23

24

25

26

27

28
___
[3]Petitioner attempted to file a single document that contained several requests labeled "Objection and Motion for Rehearing/Reconsideration En Banc in Support of Motion for Counsel, Lodgment of Discovery and Subpoenas Waiver of Rules" that was undated and lacked a memorandum of points and authorities in support of each contention as a separate document(s). [Doc. No.15 at 1.]

13-CV-1193-GPC-(PCL)