1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DARRYL DUNSMORE,** <br><br> Petitioner, <br><br> **v.** <br> **PARAMO, Warden,** <br><br> Respondent. | CASE NO. 13-CV-1193-GPC-(PCL) <br><br> **ORDER DENYING PETITIONER'S OBJECTION AND SECOND MOTION FOR RECONSIDERATION** <br><br> **[Doc. No. 24]** |

Petitioner, a state prisoner, proceeding *pro se*, filed a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. No. 1.] On July 31, 2013, Petitioner requested the appointment of counsel for the second time, [Doc. No. 11] and on August 1, 2013, the Court denied the request pursuant to 28 U.S.C. § 1915(e)(1) [Doc. No. 12].

Now before the Court is Petitioner's second motion for reconsideration of his motion to appoint counsel. [Doc. No. 24.] Petitioner once again asserts that he is physically disabled, wheel chair bound, unable to sit for longer than an hour, may be incompetent and is uneducated and untrained. (Id. at 10.) Petitioner requests the appointment of counsel to assist him in prosecuting this civil action.

As stated before, "[T]here is no absolute right to counsel in civil proceedings." Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir.1994) (citation

1   omitted). Thus, federal courts do not have the authority "to make coercive appointments

2   of counsel." Mallard v. United States District Court, 490 U.S. 296, 310,(1989).

3       Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to

4   "request" that an attorney represent indigent civil litigants upon a showing of

5   "exceptional circumstances." See Agyeman v. Corrections Corp. of America, 390 F.3d

6   1101, 1103 (9th Cir. 2004). "A finding of the exceptional circumstances of the plaintiff

7   seeking assistance requires at least an evaluation of the likelihood of the plaintiff's

8   success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in

9   light of the complexity of the legal issues involved.' " (Id.) (quoting Wilborn v.

10  Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)); see also Terrell v. Brewer, 935 F.2d

11  1015, 1017 (9th Cir. 1991).

12      Certainly most pro se litigants "find it difficult to articulate [their] claims," and would

13  be better served with the assistance of counsel. Wilborn, 789 F.2d at 1331. For this

14  reason, in the absence of counsel, federal courts employ procedures which are highly

15  protective of a pro se litigant's rights. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct.

16  594, 30 L.Ed.2d 652 (1972) (holding pro se complaint to less stringent standard) (per

17  curiam). In fact, where a plaintiff appears pro se in a civil rights case, the court must

18  construe the pleadings liberally and afford the plaintiff any benefit of the

19  doubt. Karim–Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). The

20  rule of liberal construction is "particularly important in civil rights cases." Ferdik v.

21  Bonzelet, 963 F.2d 1258, 1261 (9th Cir.1992).

22      Thus, so long as a pro se litigant, like Petitioner in this case, is able to "articulate his

23  claims" in light of the relative complexity of the matter, the "exceptional circumstances"

24  which might require the appointment of counsel do not exist. Wilborn, 789 F.2d at

25  1331; accord Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir.2009).

26      Additionally, Petitioner fails to demonstrate the "exceptional circumstance" necessary

27  to justify a pro bono appointment either under Wilborn. Although Petitioner submits a

28  "Physical Residual Functional Capacity Questionnaire" [Doc. No. 24 at 44] dated in 2005

13-CV-1193-GPC-(PCL)

which indicated Petitioner suffered from "ankylosing spondylitis", Petitioner has not sufficiently shown how his medical condition creates an "exceptional circumstance" preventing him from sufficiently prosecuting his lawsuit.

In fact, Petitioner's filings in this case show he has both a good grasp of the basis of his claims, and has been able to articulate them in light of the relative complexity of the legal issues involved. Petitioner has repeatedly proven himself to be an able litigant and has submitted several well articulated motions to date. [Doc. No. 6, 11, 18, 21, 24.] Agyeman, 390 F.3d at 1103; Terrell, 935 F.2d at 1017; Palmer, 560 F.3d at 970 (finding district court did not abuse its discretion in refusing to appoint counsel when pro se prisoner "had done 'quite a good job' putting on his case and was able to "present evidence effectively.").

For these reasons, the Court **DENIES** Petitioner's Second Motion for Reconsideration.


**IT IS SO ORDERED.**


DATE: October 22, 2013

Peter C. Lewis
United States Magistrate Judge


cc:  The Honorable Gonzalo P. Curiel
     All Counsel of Record

13-CV-1193-GPC-(PCL)