1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

**DARRYL DUNSMORE**,

                                    Petitioner,

        vs.

**PARAMO, Warden**,

                                    Respondent.

CASE NO. 13-CV-1193-GPC-(PCL)

**ORDER OVERRULING PETITIONER'S OBJECTION TO MAGISTRATE JUDGE'S ORDER DENYING MOTION FOR AMENDMENT OF DISCOVERY**

**[Dkt. No. 46]**

## I. INTRODUCTION

        Petitioner, Darryl Dunsmore ("Petitioner"), proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner filed an objection in response to the Magistrate Judge's previous order denying his motion to amend his discovery request. (Dkt. No. 43.) For the reasons stated below, the Court OVERRULES Petitioner's Objection to the Magistrate Judge's Order Denying Motion for Amendment of Discovery.

## II. PROCEDURAL HISTORY

        On November 7, 2013, Petitioner filed a Motion for Discovery pursuant to Rules 6 and 7 of the Rules Governing Section 2254 and 2255 Cases. (Dkt. No. 30.) Petitioner asserted that discovery was "necessary for good cause to support [his] factual allegations." (Dkt. No. 30 at 2.) Petitioner also sought to expand the record

1  in his state court case to bring forth exculpatory evidence which supported his

2  claims of prosecutorial misconduct, perjury, and bias. (Dkt. No. 30 at 2.)

3      On November 14, 2013, the Honorable Peter C. Lewis, United States

4  Magistrate Judge ("Magistrate Judge") denied Petitioner's motion for discovery

5  because he failed to state a specific allegation that, if fully developed, would entitle

6  him to relief under Rule 6.[1] (Dkt. No. 33 at 2.)  The Magistrate Judge also denied

7  Petitioner's request to expand the record pursuant to Rule 7 because he did not

8  demonstrate in his moving papers, that he was diligent in attempting to present these

9  additional documents in state court.  (Dkt. No. 33 at 2.)

10     In response, on December 5, 2013, Petitioner filed a Motion for Amendment

11  of Discovery.  (Dkt. No. 42.)  In his motion, Petitioner sought to introduce

12  additional documents supporting his contention that he was diligent in attempting to

13  present these materials to the state court.  (Dkt. No. 42 at 2.)  On December 10,

14  2013, the Magistrate Judge issued an order denying the Petitioner's Motion for

15  Amendment of Discovery.  (Dkt. No. 43.)  On December 20, 2013, Petitioner filed

16  an objection to the Magistrate Judge's order filed on December 10, 2013.

17                           **III.  STANDARD OF REVIEW**

18     Under Federal Rule of Civil Procedure 72(a), aggrieved parties may file

19  objections to the rulings of a magistrate judge in non-dispositive matters within ten

20  days.  In reviewing a magistrate judge's order, the district judge "must consider

21  timely objections and modify or set aside any part of the order that is clearly

22  erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A);

23  <u>see also</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 673 (1980); <u>Osband v. Woodford</u>,

24  290 F.3d 1036, 1041 (9th Cir. 2002).  Consequently, discretionary orders, such as

25

26     [1] Under Rule 6(a), "a judge may, for *good cause*, authorize a party to conduct discovery under
27  the Federal Rules of Civil Procedure."  28 U.S.C. § 2254 Rule 6(a) (emphasis added).  A habeas
    petitioner demonstrates "good cause" within the meaning of Rule 6(a) when he or she states specific
28  allegations that, if the facts are fully developed, would establish that he is entitled to relief.  <u>Bracy v.</u>
    <u>Gramley</u>, 520 U.S. 899, 908-09 (1997) (citing <u>Harris v. Nelson</u>, 394 U.S. 286, 300 (1969)).

those denying discovery, "will be overturned only if the district court is left with the definite and firm conviction that a mistake has been made." Ctr. for Biological Diversity v. Fed. Highway Admin., 290 F. Supp. 2d 1175, 1199–1200 (S.D. Cal. 2003) (quoting Weeks v. Samsung Heavy Indus. Co., 126 F.3d 926, 943 (7th Cir. 1997)).

### IV.  DISCUSSION

According to Rule 7(a) of the Rules Governing § 2254 and § 2255 Cases, a "judge may direct the parties to expand the record by submitting additional materials relating to the petition."  28 U.S.C. § 2254 Rule 7(a).  The record can be expanded to introduce new evidence, without an evidentiary hearing, only if the petitioner "was not at fault in failing to develop that evidence in state court." Holland v. Jackson, 542 U.S. 649, 652–53 (2004).  Therefore, Rule 7 precludes a habeas petitioner from submitting new evidence unless he or she can demonstrate due diligence in attempting to present these materials at the state court level.  Id. at 653; see Williams v. Taylor, 529 U.S. 420, 440 (2000) (finding that habeas petitioner was barred under diligence provision of § 2254(e)(2) from presenting a psychiatric report because his counsel, who had notice of the report's existence, failed to obtain it).

In this instance, the Magistrate Judge denied Petitioner's request to expand the record under Rule 7.  In his objection, Petitioner submits additional documents which purportedly demonstrate his diligence in procuring the requested discovery items: (1) a declaration offer of proof by Petitioner to Superior Court; (2) a declaration offer of proof by Petitioner to the California Court of Appeal, Fourth Appellate District; (3) a declaration from Petitioner's mother stating her attempts to obtain the victim, Joe Camacho's, medical records; (4) Petitioner's discovery request in a separate suit against the court official involved in his conviction; (5) Petitioner's "Motion to Compel" seeking discovery as part of a separate lawsuit

1   against his former attorney, Lee Plummer; and (6) materials and correspondence
2   relating to his appeal.

3   　　　These documents, however, do not establish that Petitioner made a diligent
4   effort to introduce his requested discovery at the state level.  Rather, they reveal the
5   Petitioner's numerous attempts, in pursuing post-conviction relief, to obtain any and
6   all materials and evidence relating to his state court proceeding.

7   　　　After review of the Petitioner's proffered evidence, the Court finds them
8   insufficient to demonstrate his compliance with Rule 7's diligence requirement.
9   Therefore, the Magistrate Judge's denial of Petitioner's Motion for Amendment of
10  Discovery was not clearly erroneous.

11  　　　　　　　　　　　　**V. CONCLUSION**

12  　　　IT IS HEREBY ORDERED that the Court OVERRULES Petitioner's
13  Objection to the Magistrate Judge's  Order Denying Motion for Amendment of
14  Discovery.

15  　　　IT IS SO ORDERED.

16

17  DATED:  January 29, 2014

18
19  HON. GONZALO P. CURIEL
    United States District Judge
20

21

22

23

24

25

26

27

28