# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DARRYL DUNSMORE**, <br><br> Petitioner, <br> vs. <br><br> **PARAMO, Warden,** <br><br> Respondent. | CASE NO. 13-CV-1193-GPC-(PCL) <br><br> **ORDER DENYING PETITIONER'S MOTION FOR RELIEF PURSUANT TO RULE 60(B)** <br><br> [Dkt. No. 49.] |

Petitioner, Darryl Dunsmore ("Petitioner"), proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner filed a motion pursuant to Federal Rule of Civil Procedure ("Rule") 60(b) objecting to the Court's order overruling Petitioner's objection to Magistrate Judge's order denying motion for amendment. (Dkt. No. 49.) For the reasons stated below, the Court DENIES Petitioner's motion for Rule 60(b) relief.

## Background

On November 7, 2013, Petitioner filed a Motion for Discovery pursuant to Rules 6 and 7 of the Rules Governing Section 2254 and 2255 Cases. (Dkt. No. 30.)

Petitioner asserted that discovery was "necessary for good cause to support [his] factual allegations." (Dkt. No. 30 at 2.) Petitioner also sought to expand the record in his state court case to bring forth exculpatory evidence which supported his claims of prosecutorial misconduct, perjury, and bias. (Dkt. No. 30 at 2.)

On November 14, 2013, the Honorable Peter C. Lewis, United States Magistrate Judge ("Magistrate Judge") denied Petitioner's motion for discovery because he failed to state a specific allegation that, if fully developed, would entitle him to relief under Rule 6.[1] (Dkt. No. 33 at 2.) The Magistrate Judge also denied Petitioner's request to expand the record pursuant to Rule 7 because he did not demonstrate in his moving papers, that he was diligent in attempting to present these additional documents in state court. (Dkt. No. 33 at 2.)

In response, on December 5, 2013, Petitioner filed a Motion for Amendment of Discovery. (Dkt. No. 42.) In his motion, Petitioner sought to introduce additional documents supporting his contention that he was diligent in attempting to present these materials to the state court. (Dkt. No. 42 at 2.) On December 10, 2013, the Magistrate Judge issued an order denying the Petitioner's Motion for Amendment of Discovery. (Dkt. No. 43.) On December 20, 2013, Petitioner filed an objection to the Magistrate Judge's order filed on December 10, 2013. (Dkt. No. 46.) On January 29, 2014, the Court overruled Petitioner's objection to Magistrate Judge's order denying motion for amendment of discovery. (Dkt. No. 47.) On February 12, 2014, Petitioner filed the instant motion for relief pursuant to Rule 60(b).

## Discussion

Under Rule 60(b), the court may relieve a party an order for the following reasons:

---

[1] Under Rule 6(a), "a judge may, for *good cause*, authorize a party to conduct discovery under the Federal Rules of Civil Procedure." 28 U.S.C. § 2254 Rule 6(a) (emphasis added). A habeas petitioner demonstrates "good cause" within the meaning of Rule 6(a) when he or she states specific allegations that, if the facts are fully developed, would establish that he is entitled to relief. Bracy v. Gramley, 520 U.S. 899, 908-09 (1997) (citing Harris v. Nelson, 394 U.S. 286, 300 (1969)).

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justified relief.

Fed. R. Civ. P. 60(b).

Here, Petitioner does not provide any legal or factual basis for his motion under Rule 60(b). He merely disagrees with the Court's ruling and reargues his motion for discovery and motion for amendment of discovery. Such arguments are not subject to relief under Rule 60(b). Accordingly, the Court DENIES Petitioner's motion for relief under Rule 60(b).

## Conclusion

Based on the above, the Court DENIES Petitioner's motion for relief pursuant to 60(b).

IT IS SO ORDERED.

DATED: February 13, 2014

HON. GONZALO P. CURIEL
United States District Judge