IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DUNSMORE,** | Case No. 13-cv-1193-GPC-PCL |
| Petitioner, | **ORDER DENYING MOTION TO STAY AND AMEND TRAVERSE** |
| v. | |
| **PARAMO,** et al., | |
| Respondent. | |

## I. INTRODUCTION

Darryl Dunsmore ("Petitioner") is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Before the Court is Petitioner's motion to stay and amend his traverse. (Doc. 52.)

## II. DISCUSSION

### A. Evidentiary Hearing

Generally, new evidence may be introduced on federal habeas "only if respondent was not at fault in failing to develop that evidence in state court, or (if he was at fault) if the conditions prescribed by § 2254(e)(2) were met." Holland v. Jackson, 542 U.S. 649, 652-53,(2004) (citing Williams v. Taylor, (2000) 529 U.S. 362, 431-37). This rule applies to requests for evidentiary hearings, and whenever parties seek relief based on new evidence. Id. The rule also covers a motion to expand the record under Habeas Rule 7. Cooper-Smith v. Palmateer, 397 F.3d 1236, 1241 (9th Cir.2005).

In this motion Petitioner does not offer new evidence concerning his Petition, but rather asserts a request for the Court to, presumably, locate and produce evidence listed in his motion. (Doc. 52.) It is unclear what Petitioner is specifically requesting in this motion. For example, although Petitioner writes, "Evidentiary Hearing Requested," he does not elucidate this request by stating what evidence is necessary, nor why a hearing should be granted. (Id.) An evidentiary hearing, of course, is contrary to the title of the motion, i.e., is incongruent to the request to stay and amend his traverse.

This Court is mindful that pro se pleadings should be liberally construed. See Resnick v. Hayes, 200 F.3d 641, 644 (9th Cir.2000). However, this request is outside the scope of Rule 7. Furthermore, the Court has granted several motion's by the Petitioner to extend time and file oversized briefs relating to his Petition to ensure that the Petitioner is able to fully present his claims for habeas review.

**B. Stay and Amend**

Federal Rules of Civil Procedure 15(a)(2), which pertains to amended pleadings and states, "courts should freely give leave when justice so requires." Petitioner does not explain the need to stay or amend his traverse. Rather, he writes a brief argument regarding sentencing and ineffective appellate counsel. (Doc. 52, at 3.) Petitioner does not give any reason why his 133 page Traverse, which devotes substantial time to this very issue, is inadequate. (Doc. 40, at 99-112.)

/ / /

/ / /

/ / /

## III. CONCLUSION

Based on the foregoing, this Court **DENIES** Petitioner's request for an evidentiary hearing. Further, this Court **DENIES** Petitioner's Motion to Stay and Amend Traverse.

DATED: 3/17/14

Peter C. Lewis
United States Magistrate Judge

cc: The Honorable Gonzalo P. Curiel
All Parties and Counsel of Record