# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL DUNSMORE,<br><br>　　　　　　　　Petitioner,<br><br>vs.<br><br><br>JEFFREY BEARD, Secretary of the CDCR,<br><br>　　　　　　　　Respondent. | CASE NO. 13CV1193-GPC(PCL)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION; DENYING PETITIONER'S SECOND MOTION FOR RESPONDENT TO PROVIDE COPIES OF LODGMENTS AND TRANSCRIPTS; AND GRANTING PETITIONER AN EXTENSION OF TIME TO FILE OBJECTIONS TO R&R**<br><br>[Dkt. Nos. 77, 79.] |

On December 8, 2014, Petitioner, a state prisoner proceeding *pro se*, filed a motion for reconsideration of the Court's order denying Petitioner's motion for any and all relief filed on November 21, 2014, and a second motion for Respondent to provide copies of Lodgments and Transcripts. (Dkt. Nos. 77, 79.) Petitioner also filed a separate "notice" where he states that as of December 1, 2014 he is still being denied his legal documents. (Dkt. No. 81.) Based on the reasoning below, the Court DENIES Petitioner's motions. However, the Court GRANTS Petitioner's request for a copy of the report and recommendation ("R&R") filed on June 6, 2014, (Dkt. No. 55).

## Procedural Background

On May 17, 2013, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) A response was filed by Respondents on October

- 1 -　　　　　　　　　　　　　　　　　　[13cv1193-GPC(PCL)]

25, 2013 along with a Notice of Lodgment of State Court Record. (Dkt. Nos. 27, 28.) On November 12, 2013, Respondent filed a Supplemental Notice of Lodgment. (Dkt. No. 32.) A traverse was filed by Petitioner on November 25, 2013. (Dkt. No. 40.) On June 6, 2014, the Magistrate Judge issued a report and recommendation denying the petition for writ of habeas corpus. (Dkt. No. 44.) On July 14, 2014, the Court granted Petitioner's request for extension of time to file an objection to the report and recommendation until August 15, 2014. (Dkt. No. 58.) On September 16, 2014, the Court granted Petitioner additional time to file an objections since he attempted to file a request for extension of time to file an objection with the Magistrate Judge. (Dkt. No. 63.) On October 16, 2014, Petitioner filed a notice of change of address. (Dkt. No. 59.) On October 28, 2014, the Court granted Petitioner's request for additional time to file an objection to the report and recommendation to December 19, 2014. (Dkt. No. 67.) On November 14, 2014, Petitioner filed another notice of change of address. (Dkt. No. 71.) On November 21, 2014, based on the response by Respondent, the Court denied Petitioner's motion for any and all relief seeking access to his legal documents and granted Petitioner until January 16, 2015 to file an objection to the report and recommendation. (Dkt. No. 73.) Then, on December 8, 2014, Petitioner filed a motion for reconsideration of the Court's order denying his motion for any and all relief, and a second motion for Respondents to provide copies of Lodgments and Transcripts. (Dkt. Nos. 77, 79.) He also filed a "Notice" stating that as of December 1, 2014, he has not yet received his legal documents. (Dkt. No. 81.)

**Discussion**

**A.   Motion for Reconsideration**

Petitioner asks the Court to reconsider its denial of Petitioner's motion for any and all relief because Petitioner is still being denied his legal documents and access to the law library. (Dkt. No. 79.) On November 21, 2014, the Court denied Plaintiff's motion for any and all relief seeking access to his legal materials because Respondent represented that Petitioner should now have access to his legal materials due to his

recent move to a new facility. (Dkt. No. 73.) On November 6, 2014, he was transferred to California Health Care Facility in Stockton, California. (Dkt. No. 72.) The California Health Care Facility "provides medical care and mental health treatment to inmates who have the most severe and long term needs." (See http://www.cdcr.ca.gov/Facilities_Locator/CHCF.html  In the order, the Court also extended the deadline for Petitioner to file an objection to the report and recommendation to January 16, 2015.

### 1.    Access to the Law Library

The Court notes that this is Petitioner's first request for access to the law library since his previous motion for any and all relief only concerned his request for his legal property. Therefore, the standard for reconsideration does not apply to his request for access to the law library.

Petitioner states that he made a request for library access and attached the Court's order, filed on November 21, 2014, denying his motion for any and all relief which also set a deadline for Petitioner to file an objection to the R&R. Petitioner alleges that his request was denied on December 1, 2014. A review of the supporting documents submitted by Petitioner reveal that he submitted a Request for Priority Library User ("PLU") status on 11/26/14. (Dkt. No. 79 at 27.) On several questions where the form requested the date of a court deadlines, Petitioner wrote "Past Due". (Dkt. No. 79 at 27.) Based on these responses, the prison official denied PLU status and wrote "No current date/court rule provided that compels the deadline for an active court case."[1] (Id.) The pre-printed form states that prior to granting a PLU request, prison staff must verify that the requesting inmate has a valid court deadline that has been established by a court, statute or rules of court. (Id.) It appears that since Petitioner did not have any upcoming deadlines, his request for PLU status was denied.

Petitioner also provided two CDCR 22 forms where Petitioner sought copies of,

---

[1] It is not clear why the denial is dated 11/1/14, which is before the date of the request. (Dkt. No. 79 at 27.)

1 *inter alia*, his c-file record, requested his legal property from PLU, requested legal copies and requested computation review hearing and corrected custody service. (Dkt. No. 79 at 28, 29.) These requests were received by the prison staff on November 24, 2014. (Id.) A response to each item was dated December 2, 2014. (Id.) None of the forms requested access to the law library.

The documents Petitioner provided do not support his argument that he made a request for access to the law library and attached a copy of the Court's order setting a deadline of January 15, 2015 for filing objections to the R&R. Moreover, none of the CDCR 22 forms sought access to the law library. Therefore, the Court concludes that Petitioner's argument that he has been denied access to the law library is not supported.

Moreover, even if the request for access to the law library were proper, it is without merit. While prisoners have a constitutional right to access to the courts, Lewis v. Casey, 518 U.S. 343, 350 (1996); Bounds v. Smith, 430 U.S. 817, 820 (1977), the right of access only applies to the pleading stages of a case. Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995). To ensure meaningful access, states have the affirmative obligation to provide inmate with "adequate law libraries or adequate assistance from persons trained in the law." Id. at 828. The Ninth Circuit held that the "constitutional right of access requires a state to provide a law library or legal assistance only during the pleading stage of a habeas or civil rights action. The Supreme Court has delineated the stages of litigation for which the right of access requires assistance and we are not free to expand the scope of the right beyond these limits." Id. Therefore, the right of access to the court is limited to the initiation of a court action. The state is not required to enable the prisoner to "discover" grievances or to "litigate effectively" once in court. See Lewis, 518 U.S. at 354. "The right of access to the courts is only a right to bring complaints to the federal court and not a right to discover such claims or to litigate them effectively once filed with the Court." Liggins v. Hoops, No. ED CV 09-1838-JLS(VBK), 2014 WL 1092551, at *7 (C.D. Cal. Mar. 16, 2014) (citing Lewis, 518 U.S. at 354–355).

Here, Petitioner has no constitutional right to access the law library in trying to file objections to the report and recommendation. See Witkin v. Swarthout, No. 13cv1931 KJN P, 2013 WL 6054451, at *3 (E.D. Cal. Nov. 15, 2013) (§ 1983 plaintiff failed to state a cognizable access to the courts claim because the impairment did not occur during the pleading stage where he alleged he was impaired in his ability to file objections to findings and recommendations in past habeas proceedings); Roman v. Allison, No. 11cv730-MJS PC, 2012 WL 293380, at *3 (E.D. Cal. Jan. 31, 2012) (R&R and any objections involved matters beyond the pleading stage).

Furthermore, even if there were a constitutional right to access the law library to file objections to the report and recommendation, to establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an "actual injury." Lewis, 518 U.S. at 350-55. To prove an "actual injury," the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. See id. at 354-55; Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989) ("actual injury" to court access requires some specific "instance in which an inmate was actually denied access to the courts."); Phillips v. Hust, 477 F.3d 1070, 1073 (9th Cir. 2007) (violation of constitutional right to access the courts when it results in the loss of a legal claim); see also Grimes v. Small, 34 Fed. Appx. 279, 280 (9th Cir. 2002) (mere fact that inmate was denied access to library on 7 out of 20 day period for filing objections to magistrate's recommendation did not amount to actual injury); Pinkston v. Salter, 221 F.3d 1348, at *1 (9th Cir. 2000) (rejecting plaintiff's claim of right of access because his alleged inability to file objections to a magistrate's findings and recommendation cannot constitute actual injury since it does not constitute the pleading stage.)

Here, Petitioner has not shown any "actual injury." Since there has been no ruling on the R&R and the case is still active, Petitioner has not demonstrated any actual injury. Moreover, the inability to file objections to an R&R cannot constitute

1  actual injury.  See id.  Accordingly, the Court DENIES Petitioner's request for access
2  to the law library.

### 2. Request for Legal Property

Petitioner also seeks the Court's reconsideration of his request that his legal property be returned.  According to the CDC 22 form, Petitioner requested his legal property from PLU around November 24, 2014.  The prison's response was "Address legal property concerns with Unit Supervisor."  (Dkt. No. 79 at 31.)  Therefore, Petitioner must follow the prison rules and regulations to obtain his legal property.  Federal courts accord deference to prison authorities concerning prison administration.  See Turner v. Safley, 482 U.S. 78, 85 (1987).  The Court should not direct the prison on the internal affairs of running the prison.  See id.; Wright v. Rushen, 642 F.2d 1129, 1132 (9th Cir. 1981) (courts should avoid enmeshing themselves in minutiae of prison operations).  Accordingly, the DENIES Petitioner's request that his legal property be returned.  However, if Petitioner is unable to file his objections by the deadline due to his inability to obtain his legal property, he may file a request for an extension of time.

To the extent Petitioner raises arguments concerning violations of his constitutional right to meaningful access to the courts, or seeks to obtain his legal property, his appropriate remedy is filing a complaint pursuant to 42 U.S.C. § 1983, which is the proper method for a prisoner to challenge the conditions of confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).  A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 extends to a prisoner who challenges the fact or duration of his physical imprisonment and seeks relief in the form of an immediate release or a speedier release from that imprisonment.  Preiser, 411 U.S. at 500.  A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).  Therefore, allegations of violations of his constitutional right to access to the courts are not cognizable in this petition for writ of habeas corpus.

**B.     Second Motion For Respondent to Provide Lodgments and Transcripts**

Alternatively, if Respondent does not release Petitioner's legal property and provide library access, Petitioner seeks an order directing Respondent to provide copies of the lodgments in this case which include the transcript from the Marsden hearing and related competency transcripts and appeals related to the case.  (Dkt. No. 77.) Despite arguing in the alternative, Petitioner further asserts that Respondent did not provide the full transcripts concerning the competency hearing and related appeals and they should be produced at this time.  (Id.)  Lastly, he also requests a copy of the report and recommendation filed in this case.  (Id.)

While on direct appeal, an indigent criminal defendant has an absolute right to trial transcripts, Griffin v. Illinois, 351 U.S. 12 (1956), the United States Supreme Court has held that there is no absolute constitutional right to a free copy of the record on collateral review.  United States v. MacCollum, 426 U.S. 317 (1976) (interpreting 28 U.S.C. § 753(f) and applying to § 2255 habeas petition); United States v. Van Poyck, 980 F. Supp. 1108, 1111 n. 2(C.D. Cal. 1997) (citing United States v. Lewis, 605 F.2d 379 (8th Cir. 1979)).  In order to obtain free copies of trial records, a habeas petitioner must demonstrate that the prisoner is entitled to proceed *in forma pauperis*, and the court must certify that the petition is "not frivolous" and the transcript is "needed to decide the issue."  Id. at 321.  Courts have applied this principal to habeas cases brought under 28 U.S.C. § 2254.  Martin v. Hartley, No. EDCV 08-0581-R (MLG), 2008 WL 4723623, at 2 (C.D. Cal. 2008) (citing Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992) (reasoning in MacCollom dealing with § 2255 federal petition is applicable to § 2254 as well)).

Here, Petitioner is not proceeding *in forma pauperis*.  Moreover, he has not demonstrated that the petition is "not frivolous" and that the transcript is required to decide the issue.  Accordingly, the Court DENIES Petitioner's second motion for Respondent to provide copies of Lodgments and Transcripts.  However, the Court GRANTS Petitioner's request for a copy of the report and recommendation filed in this

1  case.

## Conclusion

Based on the reasoning above, the Court DENIES Petitioner's motion for reconsideration and DENIES Petitioner's second motion for Respondent to provide copies of lodgment and transcripts. The Court GRANTS Petitioner's request for a copy of the R&R filed in this case. The Clerk of Court is directed to provide Petitioner a copy of the report and recommendation, (Dkt. No. 55). The Court also grants Petitioner an extension of time to file objections no later than **February 6, 2015.**

IT IS SO ORDERED.

DATED: December 17, 2014

HON. GONZALO P. CURIEL
United States District Judge