# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL DUNSMORE,<br><br>                              Petitioner,<br>  vs.<br><br>JEFFREY BEARD, Secretary of the CDCR,<br><br>                             Respondent. | CASE NO. 13CV1193-GPC(PCL)<br><br>**ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL AD LITEM**<br><br>[Dkt. No. 103.] |

On June 24, 2015, Petitioner filed a motion for counsel ad litem pursuant to Federal Rule of Civil Procedure 17(c). When Petitioner initially filed his petition, he filed two motions to appoint counsel which were denied by Magistrate Judge Lewis. (Dkt. Nos. 7, 11.)

"The purpose of Rule 17(c)[1] is to protect an incompetent person's interests in prosecuting or defending a lawsuit." <u>Davis v. Walker</u>, 745 F.3d 1303, 1310 (9th Cir. 2014). "Once the court determines that a pro se litigant is incompetent, the court

---

[1] Rule 17(c) provides:
(c) Minor or Incompetent Person. (1) With a Representative. The following representatives may sue or defend on behalf of a minor or an incompetent person:
(A) a general guardian;
(B) a committee;
(C) a conservator; or
(D) a like fiduciary

Fed. R. Civ. P. 17(c).

1  generally should appoint a guardian ad litem under Rule 17(c). But the Rule does not
2  make such an appointment mandatory. If another order would sufficiently protect the
3  incompetent person's interests in the litigation in lieu of a guardian, the court may enter
4  such an order." Id.

5      The Court concludes that Petitioner is not entitled to appointment of counsel ad
6  litem in prosecuting the case.[2]  The case is fully briefed and ready for ruling by this
7  Court. The report and recommendation was filed by the Magistrate Judge. (Dkt. No.
8  55.) Petitioner filed objections to the report and recommendation. (Dkt. No. 98.)
9  Therefore, no other filings are required. Accordingly, the Court DENIES Petitioner's
10 motion for counsel ad litem.

11     IT IS SO ORDERED.

13 DATED: June 25, 2015

14
15                                HON. GONZALO P. CURIEL
                               United States District Judge

---

[2] Petitioner also improperly raises the issue that he may not have been competent at his state court trial, and therefore the jury's finding on intent may have been different. First, Petitioner failed to raise this issue in his petition and he cannot raise new issues in a motion to appoint counsel ad litem after the case has been fully briefed. See e.g., Delgadillo v. Woodford, 527 F.3d 919, 930 n. 4 (9th Cir. 2008). Moreover, the claim that Petitioner was allegedly incompetent at trial is contradictory to his claim in his habeas petition that he was improperly deemed incompetent, and in fact was competent to stand trial at the time the trial judge ruled on his competency.