**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARYL DUNSMORE, | CASE NO. 13CV1193-GPC(PCL) |
| Petitioner, | **ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT** |
| vs. | |
| JEFFREY BEARD, Secretary of the CDCR, | [Dkt. No. 121.] |
| Respondent. | |

Before the Court is Petitioner's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). A party may move to have the court amend or alter a judgment within twenty eight days after entry of the judgment under Federal Rule of Civil Procedure 59(e). Fed. R. Civ. P. 59(e). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting McDowell v. Calderon, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999) (citation omitted)). However, amending a judgment after its entry remains "an extraordinary remedy which should be used sparingly." Id.

In general, there are four grounds upon which a Rule 59(e) motion may be granted: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest

injustice; or (4) if the amendment is justified by an intervening change in controlling law." Id. The court has discretion in determining whether to amend or alter the judgment under Rule 59(e). See id.

Here, Petitioner argues that the Court improperly denied his motion to amend the petition because he could not have known of the defective parts in GMC vehicles until it was released to the media outlets in 2014. The Court notes that this issue was raised in the petition and addressed in the Court's order adopting Magistrate Judge's report and recommendation in part and denying petition for writ of habeas corpus and order denying Petitioner's motions. (Dkt. No. 115 at 25-26.) Repeating arguments raised in the prior petition is not a basis for relief under Rule 59(e).

Petitioner also summarily raises Propositions 36 and 47 which concern changes in the sentencing laws arguing that the Court erroneously denied his motion for leave to amend his petition to assert these issues. First, habeas relief is not available on issues relating to state sentencing laws. Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (holding question of whether particular prior conviction qualifies for sentence enhancement under California law not cognizable on federal habeas corpus review). Second, Proposition 47, codified at California Penal Code section 1170.18, was approved on November 4, 2014 which was eight months before he filed his motion for leave to amend. The Court denied Petitioner's motion for leave to amend the petition because he failed to demonstrate good cause why this issue was not raised earlier. (Dkt. No. 115 at 35.) Lastly, any claim under Proposition 47 would appear to be unexhausted, and even if exhausted, a claim pursuant to Proposition 47 would fail. Petitioner was convicted of attempted voluntary manslaughter and two counts of assault with a deadly weapon and by force likely to cause great bodily injury which are not crimes listed in section 1170.19 that qualify for re-sentencing. See Cal. Penal Code § 1170.18(a). As to Proposition 36[1], this issue was not previously raised. Therefore,

---

[1]Proposition 36 was approved on November 6, 2012. See Cal. Penal Code § 1170.126.

[13cv1193-GPC(PCL)]

1  without an explanation as to why it should be raised now, it cannot be a basis to alter

2  or amend the judgment.  Accordingly, the Court DENIES Petitioner's motion to alter

3  or amend the judgment pursuant to Rule 59(e).

4        IT IS SO ORDERED.

5

6  DATED:  October 15, 2015

7

8  HON. GONZALO P. CURIEL
   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[13cv1193-GPC(PCL)]