UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL LEE DUNSMORE,<br><br>                           Petitioner,<br><br>v.<br><br>KAMALA D. HARRIS; JEFFREY A. BEARD,<br><br>                          Respondents. | Case No.: 13-cv-1193-GPC-PCL<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

On August 10, 2015, the Court adopted the Magistrate Judge's report and recommendation in part and denied the petition for writ of habeas corpus under 28 U.S.C. § 2254 and denied a certificate of appealability. (Dkt. No. 115.) A notice of appeal of the Court's order was filed on August 24, 2015. (Dkt. No. 119.) Subsequently, Petitioner filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) which the Court denied on October 15, 2015. (Dkt. Nos. 121, 126.)

Around June 25, 2021, Petitioner submitted a filing entitled "60(b) Motion" which the Court rejected for filing. (Dkt. No. 139, 139-1.) In its order, Court explained that "Petitioner must file a new 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his new or amended judgment. *See e.g., Magwood v. Patterson*, 561 U.S. 320, 332–33 (2010) (after resentencing, the new judgment renders a new, second-in-time

petition "not 'second or successive'" because it is the first petition challenging the new judgment)." (Dkt. No. 139.) On July 13, 2021, Petitioner filed a notice of appeal of the Court's rejection of his Rule "60(b) Motion". (Dkt. No. 140.)

On February 16, 2022, the Ninth Circuit remanded the case solely for the limited purpose of granting or denying a certificate of appealability on the Court's denial of Petitioner's Rule 60(b) motion. (Dkt. No. 143.)

A certificate of appealability is required to appeal the denial of a Rule 60(b) motion in a habeas case. *See United States v. Winkles*, 795 F.3d 1134, 1143 & n.4 (9th Cir. 2015). A certificate of appealability should only issue on a denial of a Rule 60(b) motion if "[1] jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion and [2] jurists of reason would find it debatable whether the underlying [habeas] motion states a valid claim of the denial of a constitutional right.'" *Winkles*, 795 F.3d at 1143 (adopting Second Circuit test set forth in *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001)).

Here, in a related case, where Petitioner filed a "successive" petition for writ of habeas corpus in Case No. 18cv172-H(PCL), on May 21, 2021, the Ninth Circuit denied a certificate of appealability on the district court's denial of a Rule 60(b) motion explaining that the "record reflects that appellant is no longer being held in custody pursuant to the same judgment that he challenged in the 28 U.S.C. § 2254 petition filed in United States District Court for the Southern District of California, case number 3:13-cv-01193-GPC-PCL, which is the same judgment challenged in the underlying § 2254 filed in the district court on January 24, 2018. Because the state has resentenced appellant and entered a new or amended judgment, a future § 2254 petition challenging that new judgment will not be considered impermissibly second or successive." *Dunsmore v. Martel*, 2021 WL 3509206, at *1 (9th Cir. May 21, 2021) (citations omitted).

Therefore, the Court denies a certificate of appealability because reasonable jurists would not find it debatable whether the Court abused its discretion in denying the Rule 60(b) motion and whether it stated a valid claim of a denial of a constitutional right. *See*

1  *Winkles*, 795 F.3d at 1143.  Accordingly, the Court declines to issue a certificate of
2  appealability.
3        IT IS SO ORDERED.
4  Dated:  February 22, 2022

Hon. Gonzalo P. Curiel
United States District Judge